IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL OLADIPO, § § Plaintiff, § § v. § § CITY OF LEWISVILLE, TEXAS, *et al.*, § § Defendants. § | Civil Action No. 3:16-CV-02433-N |

## ORDER

This Order addresses Defendants City of Lewisville's (the "City") motion to dismiss [13] and Codie Bannister and Michael Owen's (collectively the "Officer Defendants") motion to dismiss [12]. The Court grants the motions.

### I. ORIGINS OF THE CASE

This case arises from Plaintiff Samuel Oladipo's temporary detention in March of 2016. *See* Pl.'s First Am. Compl. ¶ 11. Oladipo alleges that Officer Bannister approached Oladipo's place of employment around 10:30 a.m. while Oladipo, who worked for Office Clean America, was cleaning the building. *Id.* Oladipo alleges Bannister inquired why the security alarm was beeping. *Id.* ¶ 12. Oladipo maintains he told Bannister the alarm beeps from time to time, and then Bannister asked to enter to inspect the premises. *Id.* Oladipo then escorted Bannister through the premises. *Id.* ¶ 13.

Oladipo alleges that Bannister returned shortly thereafter. *Id.* ¶ 14. Oladipo claims he suspected that Bannister may have been masquerading as a police officer to case the

building, and thus did not let him in for the second time. *Id.* Officer Owen and Does 1 through 10 subsequently joined Bannister at the back door of the building and requested entry. *Id.* ¶ 15. Bannister allegedly called Oladipo's cell phone and requested Oladipo identify himself and allow the officers entry into the premises. *Id.* Oladipo claims he proceeded to show the officers his identification through the window. *Id.* After observing the officers trying to force entry, Oladipo allegedly opened the door, was slammed to the ground and handcuffed. *Id.* ¶ 16. Oladipo claims the officers then stepped on the back of his neck, causing him to pass out. *Id.* ¶ 17.

Oladipo sued the Officer Defendants, Does 1 through 10, and the City for violations of section 1983. The City and the Officer Defendants now move, independently, to dismiss some of the claims against them. *See* Mot. to Dismiss [12]; Mot. to Dismiss [13].

## II. THE RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not

accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th

Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS THE MOTIONS

#### A. Section 1983 Claim Against the City

Oladipo asserts a section 1983 claims against the City based on its failure to train police officers and for sanctioning officer misconduct via the City's "general policy, pattern, and/or practice of not disciplining police officers for their conduct." *See* Pl.'s Am. Compl. ¶ 33. The City contends Oladipo has not pleaded a plausible claim for municipal liability under section 1983 and the Court agrees.

It is well established that "[c]ities are not liable for constitutional violations committed by city employees unless those violations result directly from a municipal custom or policy." *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 380 (5th Cir. 2010). "Liability under the doctrine of respondeat superior is not cognizable in § 1983 actions." *Id*. But where a city has a policy or custom that causes constitutional violations, it may be held liable under section 1983. *Brown v. Bryan County*, 219 F.3d 450, 456 (5th Cir. 2000). To establish section 1983 liability for a municipality, a plaintiff must prove "'(1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom.'" *Hampton Co. Nat'l Surety, LLC v. Tunica Cnty.*, 543 F.3d 221, 227 (5th Cir. 2008)

(quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). The City first argues that Oladipo's section 1983 claim against them fails because Oladipo does not identify a policymaker with actual or constructive knowledge of the allegedly unconstitutional policies or customs. *See* Mot. to Dismiss 6. But to survive a motion to dismiss, a plaintiff must only plead "facts which establish that the challenged policy was promulgated or ratified by the city's policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). The complaint need not "supply an answer to the *legal* question of the specific identity of the city's policymaker . . . ." *Id.* (emphasis in original). Because Oladipo alleges that the City ratified and sanctioned the actions, this argument fails.

Next the City argues Oladipo fails to plead facts sufficient facts to support the existence of an official city policy or custom. *See* Mot. to Dismiss 8. The Court agrees. To state a section 1983 municipal liability claim, a plaintiff must plead facts to show an official policy or custom. *See Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). Governmental entities' official policies often consist of written, formally-adopted procedures, but they may also take the form of "'persistent, widespread practice[s] of city officials or employees, which, although not authorized by officially adopted and promulgated policy, [are] so common and well settled as to constitute . . . custom[s] that fairly represent[ ] municipal policy.'" *Brown*, 219 F.3d at 457 (quoting *Bennett*, 735 F.2d at 862). "The culpability element, which may overlap with proof of a policy, requires evidence that 'the municipal action was taken with deliberate indifference as to its known or obvious

consequences.'" *Id.* (internal quotations omitted) (quoting *County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997)).

Oladipo lists eight alleged City policies or customs in his amended complaint. Pl.'s First Am. Compl. ¶ 36. Two of the alleged policies are failure to train and supervise adequately. To state a claim for failure to train or supervise under a theory of deliberate indifference, Oladipo must allege that: "(1) [the City's] training policy procedures were inadequate, (2) [the City] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused [Plaintiff's injuries]." *Sanders-Burns*, 594 F.3d at 381. Under the second element, a plaintiff must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

Oladipo does not allege a pattern of improper behavior because of the City's failure to train or supervise. Generally, inadequate training requires a showing of a pattern. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 n.34 (5th Cir. 2005) ("Notice of a pattern of *similar* violations is required.") (emphasis in original). It is true that a single incident may constitute a policy for which a municipality may be liable. *See Brown v. Bryan Cty., OK*, 219 F.3d 450, 462 (5th Cir. 2000). To succeed under the "single incident exception," however, requires exceptional circumstances. *See Clyce v. Hunt Cty., Texas*, 2011 WL 13127663, at *3 (N.D. Tex. 2011). A plaintiff "must prove that the 'highly

predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Davis*, 406 F.3d at 386 (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005)). This is because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Oladipo does not state a plausible claim for failure to train officers. Oladipo alleges that the City did not train the Officer Defendants on alternative means of detention other than the use of force. However, the First Amended Complaint contains no allegations regarding what the City's current policy regarding such training is, or how the additional training would have prevented the alleged deprivation of Oladipo's constitutional rights. Moreover, Oladipo does not allege that there was an obvious need for additional training that the City ignored to constitute deliberate indifference. *Cf. Brown*, 219 F.3d at 462 (finding defendant acted with deliberate indifference by failing to train officer with "exuberant and reckless background" and excessive number of take-down arrests).

The remaining six customs alleged by Oladipo include that the City had a custom of using excessive force to carry out otherwise routine detainments, using excessive force when such force is not necessary, ignoring a need to train and supervise officers on the use of force, failing to discipline officers who had used excessive force, failing to discharge officers with a pattern of using excessive force, and adopting a practice of retaining officers who are

unfit for duty. Pl.'s First Am. Complaint ¶ 36. Generally, a plaintiff must identify a specific municipality policy. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997) ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). But "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. Under this theory of municipal liability, the custom or "persistent, widespread practice . . . illustrates a deliberate indifference to the rights of others rising in magnitude to the level of an official policy." *Curtis v. Arapaho Venture Ltd.*, 2004 WL 2248236, at *4 (N.D. Tex. 2004) (internal quotations omitted). To establish liability under such a theory, a plaintiff must: "(1) identify the specific custom; (2) attribute the custom and fault for its existence to the municipality; and (3) demonstrate causality between the custom and the violation." *Id.* "A single incident unaccompanied by supporting history will likely be an inadequate basis for inferring such a custom or usage unless the actor or actors involved had been given official policy-making authority." *Renfro v. City of Kaufman*, 27 F. Supp. 2d 715, 717 (N.D. Tex. 1998) (citing *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339–40 (5th Cir. 1989)). That is because "'municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *City of Canton*, 489 U.S. at 389.

Oladipo alleges the Officers were acting pursuant to several City customs that sanction the use of excessive force when they slammed him to the ground during his temporary detention. *See* Pl.'s First Am. Compl. ¶ 37. However, Oladipo's allegations do not plead other instances or a repeated history of misconduct. Outside of listing alleged customs, Oladipo alleges no facts suggesting the City sanctioned or authorized wrongful behavior, let alone on a consistent basis, as to establish a persistent, widespread practice. *See Pinedo v. City of Dallas, Tex.*, 2015 WL 221085, at *6 (N.D. Tex. 2015) ("A mere allegation that a custom or policy exists, without any factual assertions to support such a claim, is no more than a formulaic recitation of the elements of a § 1983 claim and is insufficient to state a claim for relief."). Because Oladipo's allegations do not state facially plausible section 1983 claims against the City, the Court dismisses the claim.

### B. Section 1983 Claim Against Officer Defendants

Oladipo brings a claim under 42 U.S.C. § 1983 against the Officer Defendants based on their alleged use of excessive force. The Officer Defendants do not seek dismissal of Oladipo's claim against them in their personal capacities. *See* Defs.' Mot. to Dismiss [12]. Instead, the Officer Defendants contend Oladipo's section 1983 claim against them in their official capacities is redundant of his claims against the City. *See id.* An official capacity suit is another way of pleading an action against the entity that employs the officer, here the City. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). While personal capacity suits require an officer, acting under the color of state law, to cause the deprivation of a federal right, official capacity suits require more. *Id.* at 166. For an officer to be liable under section

1983, in his or her official capacity, the entity's "'policy or custom' must have played a part in the violation of federal law." *Id.* (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978)). Because the Court agrees that Oladipo does not state a plausible claim against the City, he likewise does not state a claim against the Officers in their official capacity. Accordingly, the Court grants the motion to dismiss the section 1983 claim of excessive force against the Officer Defendants in their official capacities.

## CONCLUSION

The Court dismisses Plaintiff's section 1983 claims against the City and against the Officer Defendants in their official capacities. Thus the only remaining claim is Oladipo's section 1983 claim against the Officer Defendants for alleged use of excessive force in their individual capacities. Because the Plaintiff does not request leave to replead, and has already amended his complaint once, the Court does not grant leave to replead.

Signed April 6, 2017.

_____
David C. Godbey
United States District Judge